[No. 4217.]

## ANTHONY CLARK v. WILLIS JONES, MICHAEL DOUGHERTY, PATRICK CORCORAN AND ADAM McDONALD.

RENTS AND PROFITS OF PARTNERSHIP PROPERTY.—The rights of parties in relation to the rents and profits of property which had belonged to a partnership, but which had accrued intermediate to the entry of a decree of dissolution in the lower court and the decision of an appeal to the Supreme Court, must be determined in the same manner and by the same rule by which they would have been determined had they accrued prior to the decree of dissolution.

APPEAL from the District Court, Fourteenth Judicial District, County of Placer.

The plaintiff, in his complaint, alleged that prior to February 18, 1869, the plaintiff, R. Winspear, J. M. Miner, and defendant Jones had owned and been partners in certain mining claims and water ditches at Forest Hill, Placer County; that on said day the partnership was dissolved by a judgment of the District Court, in a suit brought by Jones, in which Clark, Winspear and Miner were defendants; that an appeal was taken to the Supreme Court by the defendants; and, for the purpose of enabling the property to yield an income to the owners pending the appeal, on the 30th day of September, 1869, Clark, Winspear, Miner, and Jones, the former partners, by agreement in writing, leased the property to the defendants to hold for the term of one year, unless the appeal was sooner decided, the defendants agreeing to pay therefor the sum of four thousand dollars, or a proper proportion thereof if the appeal was decided in less than one year. That the year expired before the appeal was decided, and that the defendants had not paid the money or any part thereof; that Miner and Winspear had assigned to the plaintiff; that the interest of Clark in the property was six and one-half fifteenths, and of Miner three and one-half fifteenths, and of Winspear two and one-half fifteenths, and Jones two and one-half fifteenths. Judgment was asked for twelve and one-half fifteenths of four thousand dollars. The defendants demurred and then answered, the demurrer having been overruled. The plaintiff recovered judgment and the defendants appealed.

*Hale & Craig*, for the Appellants.

The relief which plaintiff was entitled to, if any, was by bill in equity, which, in its general framework, should have impleaded as parties all the members of both the Dardanelles and Oro mining copartnerships, and for its subject-matter embraced all the relations between the two companies and all matters outstanding and unsettled as between the several members of the Dardanelles copartnership. This view of the case is founded upon the consideration of this patent fact, that the lease and agreement counted on in the complaint grew out—even if it was not a part—of the

partnership transactions of the Dardanelles company, and was, at least so far as concerned the members of that company, solely connected with their partnership affairs and properties. The debt arising in favor of the Dardanelles owners, equally with their property so rented, was part and parcel of the assets of the Dardanelles partnership. To the point under consideration, the fact is of no consequence that this lease was executed, and the demand in question became due after the entry of the judgment of the District Court decreeing the dissolution of the Dardanelles partnership.

For these reasons, we respectfully maintain that plaintiff's action at law is not maintainable. (Parsons on Part. 502, 511, 521, 524.)

*C. A. Tuttle and B. F. Myres,* for the Respondent.

We think that after the dissolution the partners were tenants in common; but suppose they remained partners, then how or why proceed in equity to collect rent due from third persons? No bill in equity could be framed to do this. The cited remedies spoken of by Parsons are remedies between partners, not against third persons.

By the COURT:

It is apparent that the controversy between the parties here involves the ascertainment of their rights, as well as the rights of others not made parties to the action, in and to the rents and other proceeds accruing from property which had, in the former action, been decreed to be copartnership property. These rents and proceeds accrued intermediate the entry of the decree of dissolution, entered in the court below in the former case, and its decision on appeal to this Court, and the rights of the parties should be determined in the same manner and by the same rule by which they would have been determined had the rents accrued prior to the entry of the decree of dissolution.

The judgment rendered below in the present action must, therefore, be reversed, and the cause remanded, with leave to the parties to amend their pleadings, as they may be advised.